UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD C. PIETRAFESA, JR.,

                                Plaintiff,                  5:13-CV-01565
                                                                       (GLS/TWD)

     v.

KIM A. DWYER aka KIM DWYER and
U.S. TURBINE AIRCRAFT SALES, INC.,

                                Defendants,

---

APPEARANCES:                                       OF COUNSEL:

ANTHONY J. PIETRAFESA, ESQ.
Attorney for Plaintiff
210 Bell Court
Schenectady, NY 12303

KIM A. DWYER
Defendant, pro se

U.S. TURBINE AIRCRAFT SALES, INC.
Defendant

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

### I.    INTRODUCTION

This matter is presently before the Court to consider whether it should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute. For the reasons that follow, I recommend that the action be dismissed without prejudice.

### II.    PROCEEDINGS TO DATE

Plaintiff commenced this action on December 19, 2013. (Dkt. No. 1.) Plaintiff then filed an amended complaint on March 9, 2013. (Dkt. No. 4.) The individual Defendant, Kim A. Dwyer

("Dwyer"), filed an answer to the amended complaint pro se (Dkt. No. 9) and the Court granted Dwyer additional time to obtain counsel and file an amended answer if necessary. (Dkt. No. 11.) No appearance or answer was filed by the corporate Defendant, U.S. Turbine Aircraft Sales, Inc. ("U.S. Turbine"), although it appears that Defendant was properly served with the amended complaint. (Dkt. No. 7.)

Thereafter, the Court held an initial pretrial conference on June 9, 2014, with Plaintiff's counsel and the pro se Defendant Dwyer. (Text Minute Entry 6/9/2014.) At that conference, Plaintiff was directed to file a request for Clerk's entry of default as to Defendant U.S. Turbine by June 20, 2014, and file any motion for default judgment within 30 days of the Clerk's entry of default being entered. *Id.* A scheduling order was deferred at that time. Plaintiff filed a timely request for Clerk's default, but it was not in compliance with Local Rule 55.1 (Dkt. No. 13); thus, Plaintiff was then ordered to file a compliant request for Clerk's default by July 14, 2014. (Dkt. No. 14.) Upon Plaintiff's failure to timely file the compliant request for default, an extension to do so was sua sponte ordered by the Court directing Plaintiff to file the request for Clerk's default by July 23, 2014. (Dkt. No. 15.) A proper request for the Clerk's entry of default was finally filed (Dkt. No. 16) and the Clerk entered default against Defendant U.S. Turbine on July 24, 2014. (Dkt. No. 17.)

By Text Notice dated July 24, 2014, Plaintiff was notified that any motion for default judgment should be filed within 30 days. (Text Notice, 7/24/2014.) Plaintiff failed to heed that Notice and on September 17, 2014, Chief Judge Gary L. Sharpe ordered Plaintiff to file a motion for a default judgment by October 10, 2014. (Dkt. No. 18.) When Plaintiff again failed to comply with the directive of the Court, Judge Sharpe referred the case back to the undersigned Magistrate Judge for further proceedings and issuance of a scheduling order for the progression of this matter. (Dkt. No.

19.) A pretrial telephone conference was scheduled for October 30, 2014, for the purpose of discussing discovery matters and issuing an appropriate scheduling order. (Text Notice 10/17/2014.) Neither Plaintiff's attorney nor the pro se Defendant could be reached for the conference, but the Court left appropriate voice messages for each of them. (Text Minute Entry 10/30/2014.)

Thereafter, this Court issued an order directing Plaintiff to file the appropriate motion for a default judgment as to Defendant U.S. Turbine Aircraft Sales, Inc. on or before November 7, 2014, and show good cause before the undersigned by November 7, 2014, as to why the Court should not recommend that this action be dismissed for failure to prosecute. (Dkt. No. 20.)

As of the date of this Report-Recommendation and Order, Plaintiff's attorney has failed to file the appropriate motion for a default judgment and failed to show good cause as to why the Court should not recommend dismissal of the action for failure to prosecute. Plaintiff's attorney has likewise failed to contact the Court with any further information as to why he was not available for the aforementioned conference call and whether he intends to prosecute this case, nor has he otherwise communicated with the Clerk regarding this action. The pro se Defendant has likewise failed to contact the Court or the Clerk.

## III.  DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1

(N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1]  Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).  It is also well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In considering the duration of Plaintiff's failure to prosecute his claims, the Court notes that Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a).  Upon review of the docket, it appears that Plaintiff has failed to communicate as directed with the Court for nearly four (4) months since July, 2014.  (Dkt. No. 16.)  Plaintiff has communicated sporadically with the Court in the last seven months, and the limited communication by Plaintiff with the Court has been prompted by repeated orders and directives from the Court which have been largely ignored.  (Dkt. Nos. 14, 15, 18,

---

[1] The Court will provide pro se Defendant Dwyer with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

4

19, and 20; Text Notices 6/9/2014, 7/24/2014, and 10/17/2014.) Plaintiff and Defendant both failed to appear at a telephone conference scheduled by the Court. *See* Text Minute Entry 10/30/2014. Despite prodding from the Court multiple times, Plaintiff has not followed the Court's directives after being given several opportunities to do so. Thus, the Court finds that the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, at *10, 2005 WL 2205816, *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, Plaintiff failed to contact the Court or file appropriate documents after being directed to do so multiple times by the Court. (Dkt. Nos. 14, 15, 18, 19, and 20; Text Notices 6/9/2014, 7/24/2014, and 10/17/2014.) Plaintiff has also failed to communicate requested information to the Court regarding this action when explicitly directed to do so in the Court's order to show cause of October 31, 2014. (Dkt. No. 20.) Clearly, Plaintiff has failed to follow the Court's orders and provide information as directed after having been placed on notice in a Court order that his failure to do so would constitute grounds for a recommendation of dismissal. *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal."). Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendant. The underlying promissory note that is the subject of this action was signed in 2002, the action was commenced nearly one year ago, and the pro se Defendant Dwyer filed and answer to the amended complaint approximately eight (8) months ago. (Dkt. Nos. 1, 9.) The parties have yet to conduct any discovery. Further delay may well affect the parties' ability to locate witnesses, and to preserve evidence. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (passage of time would cause memories to fade).

Under the circumstances, the Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. It is the need to monitor and manage cases such as this that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for such civil cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances.

## IV.     CONCLUSION AND RECOMMENDATION

The Court's records fail to reveal that any meaningful steps have been taken by the Plaintiff to pursue his claims in this action. Despite several directives from the Court requesting information from Plaintiff concerning the status of the action, or directing Plaintiff to take specific steps to pursue this action, Plaintiff has repeatedly failed to comply and has provided no information to the Court concerning any measures taken to continue the action, or from which the Court could meaningfully gauge his level of persistence and enthusiasm for pursuing the action. Accordingly, based upon Plaintiff's failure to comply with directives from the Court, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

**RECOMMENDED** that this action be **DISMISSED without prejudice**, for failure to prosecute.

**ORDERED** that the Clerk provide pro se Defendant with copies of *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005); *Freeman v. Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, 1996 WL 481534 (N.D.N.Y. Aug. 22, 1996); and *Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, 2008 WL 1758644 (S.D.N.Y. Apr. 16, 2008); and it is further

**ORDERED** that the Clerk serve a copy of this Report and Recommendation on the parties in accordance with the Court's local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: November 17, 2014
      Syracuse, NY

_____
Thérèse Wiley Dancks
United States Magistrate Judge